# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-896V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| DESTINY DUNCAN, | * | |
| | * | |
| Petitioner, | * | Filed: May 16, 2018 |
| | * | |
| v. | * | |
| | * | Entitlement; Decision by Proffer; Damages; |
| SECRETARY OF HEALTH | * | Tetanus – Diphtheria – Acellular Pertussis |
| AND HUMAN SERVICES, | * | ("Tdap") Vaccine. |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*John Robert Howie, Jr.*, Howie Law PC, Dallas, TX, for Petitioner.

*Ann Donohue Martin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES[1]

On June 30, 2017, Petitioner Destiny Duncan filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she received a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on July 28, 2015, and thereafter developed cellulitis, a subcutaneous tissue injury, keloid scarring, and neuropathy of the left upper extremity. Petition, ECF No. 1.

On March 19, 2018, Respondent filed a Rule 4(c) Report ("Respondent's Report") in which he concedes that Petitioner is entitled to compensation for her claim of painful scarring. Respondent's Report, ECF No. 22. Specifically, Respondent agrees with Petitioner's claim that

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

her "painful scar, i.e., a subcutaneous scar," was caused-in-fact by the Tdap vaccination she received on July 28, 2015. *Id*. at 1. Respondent notes that he "does not consider cellulitis and subcutaneous tissue injury to constitute vaccine-related injuries that warrant compensation separate and apart from compensation for [P]etitioner's painful scar that developed as a result of the Tdap vaccine." *Id*. at 2 n.1. Based on a review of the medical records, Respondent states that Petitioner has met the applicable statutory requirements by suffering from her painful scar for more than six months and thus, Petitioner has satisfied all legal prerequisites for compensation under the Act. *Id*. at 9. However, Respondent denies that Petitioner sustained keloid scarring and neuropathy as a result of her Tdap vaccine or as a sequelae of her painful scar. *Id*. at 2, 10.

A special master may determine whether a Petitioner is entitled to compensation based upon the record. A hearing is not required. § 300aa-13; Vaccine Rule 8(d). In light of the foregoing, I find that Petitioner is entitled to compensation for her painful scar and its related sequelae only. Petitioner's causation-in-fact claims for keloid scarring and neuropathy are hereby **dismissed**.

Respondent filed a proffer on May 9, 2018 (ECF No. 24), agreeing to issue the following payments:

1) **A lump sum payment of $50,840.35 in the form of a check payable to Petitioner, Destiny Duncan**. This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                    **s/ Katherine E. Oler**
                                                      Katherine E. Oler
                                                      Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DESTINY DUNCAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 17-896V |
| v. ) | Special Master Oler |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## PROFFER ON AWARD OF COMPENSATION

**I.     Items of Compensation**

For purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report, filed on March 19, 2018, conceding entitlement in this case. Based upon the evidence of record, respondent proffers that petitioner should be awarded $50,840.35, including $50,000.00 for pain and suffering, plus $840.35 for past unreimbursable medical expenses.[1] The total sum of $50,840.35 represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a) for her vaccine-related injury. Petitioner agrees.

**II.    Form of the Award**

Respondent recommends that the compensation should be made through a lump sum payment of $50,840.35 in the form of a check payable to petitioner. Petitioner agrees.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

        C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS A. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ Ann D. Martin
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Ann.Martin@usdoj.gov; (202) 307-1815

DATED:  May 9, 2018