# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-896V
**(Not to be published)**

```
* * * * * * * * * * * * * * * * * * * * * * * * *
DESTINY DUNCAN,                    *    Special Master Oler
                                   *
              Petitioner,          *    Filed: June 29, 2018
                                   *
       v.                          *    Reasonable Attorney's Fees and Costs;
                                   *    Paralegal and Legal Assistant Work.
                                   *
SECRETARY OF HEALTH AND            *
HUMAN SERVICES,                    *
                                   *
              Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*John Robert Howie*, Howie Law, PC, Dallas, TX for Petitioner.

*Ann Martin*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

### I.   Introduction

On June 30, 2017, Destiny Duncan ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that she developed cellulitis, a subcutaneous tissue injury, keloid scarring, and neuropathy of the left upper extremity as a result of the tetanus-diptheria-acellular pertussis ("Tdap") vaccination, received on July 28, 2015. ECF No. 1. On May 9, 2018, Respondent proffered an award agreed

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

upon by the Petitioner.  ECF No. 24.  I issued a Ruling on Entitlement and Decision Awarding Damages on May 16, 2018, granting Petitioner's claims for cellulitis and its related subcutaneous tissue injury, but dismissing the Petitioner's claims for keloid scarring and neuropathy.  ECF No. 25.  Judgment was entered on May 17, 2018.  ECF No. 27.

On May 21, 2018, Petitioner filed a motion for final attorney's fees and costs ("Fees App.") requesting reimbursement in the combined amount of $20,370.43 (representing $19,582.90 in fees and $787.53 in costs).  ECF No. 29.  In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she did not incur any costs in this matter.  Fees App., Exhibit ("Ex.") 2.

Respondent filed a response to Petitioner's motion on June 4, 2018.  ECF No. 30.  Respondent indicates that he is "satisfied [that] the statutory requirements for an award of attorneys' fees and costs are met in this case[,]" but defers to the Special Master's discretion in determining a reasonable amount to be awarded.  *Id*. at 2-3.

For reasons discussed below, I grant reimbursement of attorney's fees and costs in the combined amount of $20,265.42 (representing $19,477.89 in fees and $787.53 in costs).

## II.     Reasonable Attorney's Fees

The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under the lodestar approach, the Court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id*. at 1348.  Special masters may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

Attorney's fees are awarded for the "number of hours reasonably expended on the litigation."  *Avera*, 515 F.3d 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton el rel. Saxton v. Sec'y of Health & Human Servs.*, F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  "Unreasonably duplicative or excessive billing" include "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra-office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries."  *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).  Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Saxton*, 3 F.3d at 1522.

### i. Hourly Rates

Petitioner requests the following hourly rates for Mr. John Robert Howie: $350.00 per hour for work performed in 2016, $363.00 per hour for work performed in 2017, and $383.00 per hour for work performed in 2018.  *See generally* Fees App., Ex. 1.  However, just this year on February 28, 2018, Mr. Howie was awarded a 2018 hourly rate of $376.43.  *See H.S. by Seiders v. Sec'y of Health & Human Servs.*, No. 15-117V, 2018 WL 1559803, at *2 (Fed. Cl. Spec. Mstr. Feb. 28, 2018).  Therefore, I adopt the reasoning in *Seiders* for the instant analysis and award Petitioner's counsel $376.43 per hour for work performed in 2018.  I grant Mr. Howie the hourly rate of $350.00 for work performed in 2016, $363.00 for work performed 2017, and **$**376.43 for work performed in 2018.

Petitioner requests hourly rates for Ms. Zara Najam of $225.00 for work in 2016 and $233.00 for work in 2017.  *See generally* Fees App., Ex. 1.  Ms. Najam has previously been determined eligible for forum rates and has been awarded the requested hourly forum rate for 2016 and 2017.[3]  *See H.S. by Seiders*, 2018 WL 1559803, at *2 (providing a framework for consideration of forum rates for work performed in the Vaccine Program).  I adopt the reasoning in *Seiders* for the instant analysis and award Ms. Najam the hourly rate amounts in accordance with that decision.  I grant Ms. Najam the hourly rate of $225.00 for work in 2016 and $233.00 for work in 2017.

Petitioner requests the hourly rate of $160.00 for Mr. Michael Gross.  As a recently licensed attorney in November 2017, Mr. Gross qualifies as an attorney with less than four years of experience in practice.  Under *McCulloch*, and the Office of Special Masters' Fee Schedule for 2018, Mr. Gross may reasonably receive hourly rates from $159.00 – $238.00.[4]  Petitioner's request for Mr. Gross is reasonable.  I, therefore, grant Mr. Gross the hourly rate of $160.00 per hour for work performed in 2018.  *See generally* Fees App., Ex. 1.

Petitioner requests the following hourly rates for Ms. Debbie Lupo: $135.00 per hour for work performed in 2016, $140.00 per hour for work performed in 2017, and $148.00 per hour for work performed in 2018.  *See generally* Fees App., Ex. 1.  However, just this year on February 28, 2018, Ms. Lupo was awarded an hourly rate of $145.18 for her work.  *See H.S. by Seiders*, 2018 WL 1559803, at *2.  Therefore, I adopt the reasoning in *Seiders* for the instant analysis and award Petitioner's counsel $145.18 per hour worked in 2018.  I grant Ms. Lupo the hourly rate of $135.00 for work performed in 2016, $140.00 for work performed in 2017, and $145.18 for work performed in 2018.

---

[3] The 2016 and 2017 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf and http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The hourly rates contained in the 2016 and 2017 Fee Schedule are based upon *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] The 2018 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The hourly rates contained in the 2018 Fee Schedule are based upon *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests an hourly rate of $50.00 for Ms. Elisa Bautista for work performed in 2016 and in 2017, and $65.00 per hour for work performed in 2018. *See generally* Fees App., Ex. 1. Ms. Bautista "spends approximately 95% of her time 'quarterbacking' medical records and medical record requests." Fees App. Ms. Bautista has previously been determined eligible for forum rates and has been awarded the requested hourly forum rate.[5] *See H.S. by Seiders*, 2018 WL 1559803, at *2. Therefore, I adopt the reasoning in *Seiders* for the instant analysis and award Ms. Bautista the hourly rate amounts in accordance with that decision. I grant Petitioner's request for Ms. Bautista's in the hourly rate of $50.00 for work performed in 2016 and in 2017, and $65.00 per hour worked in 2018.

### III. Costs

Like attorney's fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). Petitioner requests a total of $787.53 in attorney's costs. I reviewed the costs submitted and find the costs to be reasonable.

### IV. Conclusion

Based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I award $20,265.42,[6] representing $19,477.89 in fees[7] and $787.53 in costs, in the form of a check payable jointly to Petitioner, Destiny Duncan, and Petitioner's counsel, Mr. John Robert Howie, Esq. of Howie Law, PC. The clerk shall enter judgment accordingly.[8]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[5] The 2018 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained in the 2018 Fee Schedule are based upon *McCulloch*, 2015 WL 5634323.

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See Beck* v. *Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[7] The total reduction in attorneys' fees is $105.01. There was a reduction in $90.91 for Mr. John Howie's hours by awarding the 2018 hourly rate of $373.43 instead of $383.00, and a reduction in $14.10 for Ms. Debbie Lupo's hours by awarding the 2018 hourly rate of $145.18 instead of $148.00.

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.